## WILLIAM MORRIS v. MARY LINDSLEY.

1. At common law coverture was a good plea in bar when the coverture existed at the time the contract sued on was made. A married woman was incapable of making an enforceable contract.

2. The act of March 24th, 1862, removed the common law disability of a married woman only so far that it enabled her to enter into contracts when the consideration moved to her for the benefit of her separate estate.

3. If the declaration fails to state the existence of the facts which, by that statute, remove the disability of the wife to contract, coverture will be a bar to the action, and must be so pleaded.

In error to the Sussex county Circuit Court.

Argued at June Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *Martin Rosenkrans.*

For the defendant, *Charles D. Thompson.*

The opinion of the court was delivered by

VAN SYCKEL, J. 'This suit was brought in the Sussex county Circuit Court to recover the amount due upon a promissory note drawn by Mary Lindsley, the defendant, to the plaintiff, William Morris. The declaration contained only the common counts. The defendant pleaded in bar two pleas: First, the general issue; second, that at the time of making the said promissory note she was, and still is, the wife of one Silas Lindsley.

The defendant moved in the Circuit Court for a non-suit for the lack of a replication to the plea of coverture. This motion was refused on the ground that coverture is not a good plea in bar, but must be pleaded in abatement. Leave was given to the defendant to withdraw her pleas and plead her coverture in abatement, with instructions that the second plea be stricken out if said pleas were not withdrawn.

To this ruling of the court the defendant excepted, and her bill of exceptions was sealed accordingly.

It is conceded that at common law coverture was a good plea in bar when the coverture existed at the time the contract sued on was made. A married woman was, at common law, incapable of making a contract enforceable at law, hence the fact of marriage was a complete answer to a suit upon any agreement executed by her.

Under the act of March 24th, 1862, the contract of the wife, in certain cases, is enforceable by suit at law against both husband and wife, notwithstanding the new provisions of the Revision. *Wilson* v. *Herbert*, 12 *Vroom* 454.

This act removed the common law disabilities of a married woman only so far that it enabled her to enter into contracts when the consideration moved to her for the benefit of her estate.

In order to constitute a legal cause of action by force of the act, the plaintiff must aver in his declaration the existence of the particular facts which, by the statute, remove the disability of the wife to contract. *Eckert* v. *Reuter*, 4 *Vroom* 266 ; *Van Kirk* v. *Skillman*, 5 *Id.* 109 ; *Lewis* v. *Perkins*, 7 *Id.* 133.

These essential facts cannot be incorporated in the pleading by legal intendment. The record shows that the defendant, a married woman, made a contract with the plaintiff, and as it is not alleged that she had a separate estate, it must be presumed that she had none.

On the case presented by the pleadings no suit will lie on the contract of the married woman. Coverture being thus a bar to the action, it must be so pleaded.

The mere non-joinder of the husband is not the legal defect in the plaintiff's case, as he has stated it, for if the husband should be joined, no legal cause of action exists on the facts averred. A plea in abatement, therefore, would not be proper, as the defendant, by showing coverture, would not give the plaintiff a better writ.

But the refusal of the court below to non-suit settled no right in the action, and does not lay any ground for a writ of

error. The plea of coverture still remains on the record, and if the plaintiff shall go to trial in the present state of the pro-ceedings, the question as to the effect of the plea must be set-tled. If the judge, under the act, had stricken out the plea, the defendant could not have brought error to such act until after final judgment.

The writ of error should be dismissed.